IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| R. RANDALL RYDER, JR., <br>     Plaintiff, <br><br>     v. <br><br> DAVID P. EDWARDS, *et al.*, <br>     Defendants. | Civil Action No. 3:23CV501 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss (ECF No. 9) filed by Defendants David P. Edwards, DSS/DCSA,[1] and ARBA/BCMR.[2] Defendants move the Court to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim, respectively. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant the Defendants' Motion to Dismiss.

**I. PROCEDURAL HISTORY**

On August 9, 2023, Plaintiff filed a *pro se* Complaint against Defendants. ECF No. 1. On October 30, 2023, Defendants collectively filed the instant Motion to Dismiss, ECF No. 9, and accompanying Memorandum in Support, ECF No. 10. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Rule 7(K) of the Local Rules of Civil Procedure for the United States District Court of the Eastern District of Virginia, Defendants properly notified Plaintiff of

---

[1] The Court acknowledges Defendants' remark that "[t]he Defense Security Service (DSS) merged into a new Department of Defense [a]gency, the Defense Counterintelligence and Security Agency (DC[S]A) in September 2019." Defs.' Mem. Supp. Mot. Dismiss 1, n.1, ECF No. 10.

[2] As do Defendants, *see id*. n.2, the Court understands this named defendant to refer to the Army Board for Correction of Military Records (ABCMR), which falls under the purview of the Army Review Boards Agency. *See* https://arba.army.pentagon.mil/abcmr-overview.html.

their Motion to Dismiss, as well as Plaintiff's right to file a response and the possibility of dismissal if Plaintiff failed to respond within twenty-one days. *See* Roseboro Notice, ECF No. 11. On November 14, 2023, Plaintiff filed a Response in opposition to the Motion to Dismiss, ECF No. 12, to which Defendants filed a Reply, ECF No. 13, on November 20, 2023.

On November 29, 2023, Plaintiff filed a document titled "Motion for Leave of/by Court," which in substance constitutes a sur-reply. ECF No. 14. Plaintiff thereafter sought Court action to force Defendants to respond to the so-called Motion for Leave, *see* ECF No. 15, in response to which Defendants filed a notice that Defendants take no position on the Motion for Leave and defer to the Court as to the benefit of additional briefing, *see* ECF No. 16. Given Defendants' non-opposition and the fact that the sur-reply appears to simply restate and/or clarify Plaintiff's earlier-made arguments in opposition to the Motion to Dismiss, the Court will GRANT the Motion for Leave and consider the filing as appropriate.

The Motion to Dismiss is accordingly ripe for review.

## II. FACTUAL ALLEGATIONS

In 1999, Plaintiff was a member of the military and was eligible for review and renewal of his secret-level security clearance. Compl. 5,[3] ECF No. 1. Plaintiff alleges that, despite the fact only a "lateral-renewal" was necessary to renew Plaintiff's security clearance (since he was not changing clearance levels), Defendant Edwards, a DSS/DCSA investigator, "elected to execute a full-fledged "top secret-level" security clearance investigation. *Id*. at 6. Plaintiff alleges that he "had not applied for, requested or asked for an upgrade to 'top secret' clearance." *Id*.

Plaintiff further alleges that "there were several charges [made] against the [P]laintiff in a document lab[e]led 'statement of reasons.'" *Id*. at 7. Plaintiff offered "rebuttal (with proof) . . . at

---

[3] For this and all other docket citations, the Court utilizes the pagination applied by the CM/ECF docketing system and not the pagination on original documents.

the time of the improper-leveled investigation[,] [and] the same rebuttal was offered several times over the last twenty years . . . . for many issues brought forth during the investigation." *Id*. He offered such proof "several times for review by the ARBA/BCMR branch of DOD." *Id*. Plaintiff alleges that "[t]hese rebuttals were most likely ignored for reasons unknown." *Id*.

### III.  STANDARD OF REVIEW

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges jurisdiction either facially or factually.  A facial challenge contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based.  In reviewing a facial challenge, "all the facts alleged in the complaint are assumed to be true and the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In reviewing a factual challenge, the district court "may . . . go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings" without converting the Rule 12(b)(1) motion to one for summary judgment.  *Bradford v. Mattis*, No. 3:18-CV-570-HEH, 2018 WL 6834360, at *2 (E.D. Va. Dec. 28, 2018) (internal quotation marks and citation omitted).  In either case, "the plaintiff bears the burden of proving jurisdiction." *Id*. (citations omitted).  A Rule 12(b)(6) motion to dismiss, on the other hand, asserts that—even taking all facts alleged to be true—the complaint fails to state any claim upon which relief may plausibly be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A motion to dismiss asserting a statute of limitations argument may, depending on the source of the limitation at issue, be analyzed under either a 12(b)(1) standard or a 12(b)(6) standard.

The above notwithstanding, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Even so, a *pro se* complaint "must nevertheless

3

set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

## IV. ANALYSIS

Plaintiff rests his claims on 10 U.S.C. § 1552 ("Correction of military records: claims incident thereto") and 5 U.S.C. § 552a ("Public information; agency rules, opinions, orders, records, and proceedings"). Compl. 3. He seeks "[a]n order by this court to have a face-to-face final rebuttal (with counsel present) at the ARBA/BCMR offices . . . to initiate closure and possible 'full-relief.'" *Id*. at 8. In seeking dismissal, Defendants argue that this Court lacks jurisdiction over Plaintiff's claims because the United States Supreme Court case, *Department of the Navy v. Egan*, 484 U.S. 518 (1988), clearly established the rule that there is no judicial review over security clearance determinations. Mem. Supp. Mot. Dismiss 4–5, ECF No. 10. Defendants secondarily argue that Plaintiff's claims are barred by the applicable statutes of limitations. *E.g.*, *id*. at 5. For the reasons that follow, the Court agrees with Defendants, in part, as to both grounds for dismissal, resulting in a cumulative determination that the matter must be dismissed.

### A. *Department of the Navy v. Egan* is Partially Dispositive

Defendants seek dismissal for lack of subject matter jurisdiction based on *Department of the Navy v. Egan*, arguing that the case definitively precludes judicial review of the issues in controversy. Mem. Supp. Mot. Dismiss 4–5 (citing *Egan*, 484 U.S. at 527). The Fourth Circuit has made clear that, "[u]nder *Egan*, . . . . when review of . . . a claim requires review of 'the very issue[] that the Supreme Court has held [is] non-reviewable'—namely, a security clearance decision—*Egan* deprives the federal courts of subject matter jurisdiction. *Campbell v. McCarthy*, 952 F.3d 193, 205–06 (4th Cir. 2020) (alterations in original) (quoting *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996)). Construing Plaintiff's claims liberally, as it is required to do, *Erickson*, 551 U.S. at 94, the Court agrees with Plaintiff that his actual request for relief is not for the Court

to review or otherwise impose itself into the security clearance determination previously made, but rather for the Court to order Defendants to give Plaintiff a face-to-face meeting, for *Defendants* to then review Plaintiff's allegedly til-now-ignored "rebuttals" to the "charges" leveled against Plaintiff and/or the information "brought forth during the investigation." *See* Compl. at 7–8. In other words, the action seems to lie more in the nature of a mandamus action, by which the Court would compel Defendants to perform a duty purportedly owed to the Plaintiff under his stated bases for relief: 10 U.S.C. § 1552 and 5 U.S.C. § 552a. Framed as such, the Court is not persuaded that *Egan* is fully dispositive of the claims Plaintiff endeavors to raise.

*Egan* is, however, at least partially dispositive. Plaintiff's second predicate for relief and federal question jurisdiction—5 U.S.C. § 552a—is drawn from the Administrative Procedures Act ("APA") and establishes a civil remedy for individuals for whom an agency has refused to or otherwise made a determination not to amend an individual's agency-held record following the individual's request. *See* § 552a(g). In such cases, the district court conducts de novo review of the agency's record-correction decision; the court may thereafter order the agency to amend the subject record "in accordance with [the individual's] request or in such other way as the court may direct." *Id* § 552a(g)(2)(A). To the extent that Plaintiff is *not* seeking direct review of prior agency action, *see* Pl.'s Resp. Opp'n Mot. Dismiss 10, ECF No. 12 ("Plaintiff merely seeks for the court to order one last board review by the BCMR itself."); Pl.'s Sur-Reply 4, ECF No. 14 ("Plaintiff is not attempting [to have] this court intervene without jurisdiction to decide classified clearance(s) decisions-outcomes [sic].")—the APA is not relevant. *See Reed v. Franke*, 297 F.2d 17, 21 (4th Cir. 1961) ("Plaintiff argues that his right of review is derived from the Administrative Procedure Act. We do not think the Act is relevant here. . . . The District Court is not called upon in the instant case to directly review administrative action, as is contemplated by the Act." (internal citations omitted)). To the extent he is, though, such direct review would run afoul of *Egan*'s

5

establishment of security determinations as non-reviewable.  In either event, the Court finds that it lacks jurisdiction to proceed on Plaintiff's § 552a claim.

## B.  Plaintiff's Remaining Claim is Time-Barred

Defendants argue that Plaintiff's 10 U.S.C. § 1552 claim is subject to a six-year statute of limitations that accrues "upon final agency decision."  Mem. Supp. Mot. Dismiss 7 (quoting *Shurland v. Air Force Bd. for Corr. of Military Records*, 2019 WL 5410064, *4 (E.D. Va. Sept. 24, 2019), *report and recommendation adopted*, No. 3:18CV770, 2019 WL 5395410 (E.D. Va. Oct. 22, 2019), *aff'd*, 791 F. App'x 416 (4th Cir. 2020).  The Court concurs with Defendants' reliance on *Shurland* for the proposition that § 1552 challenges to ABCMR decisions are subject to the six-year limitations period in 28 U.S.C. § 2401(a).  The Court further concurs that it is Plaintiff's burden to allege sufficient facts to prove a claim and establish jurisdiction.[4]  *Bradford v. Mattis*, No. 3:18-CV-570-HEH, 2018 WL 6834360, at *2 (E.D. Va. Dec. 28, 2018).  From that foundation, the Court must also then concur that Plaintiff has not alleged sufficient facts to establish that the present claim has been brought within the statute of limitations.

Plaintiff alleges that the clearance investigation ultimately giving rise to this action occurred in 1999.  Compl. 5.  Plaintiff thereafter alleges that he offered "rebuttal" of the "charges against the Plaintiff" "several times over the last twenty years."  Compl. 7.  This is insufficient to demonstrate that "final agency decision" manifested within the last six years—in fact, such facts give rise to the opposite inference.[5]  Thus, even assuming that Plaintiff tolled the statute of

---

[4] Because the "United States' waiver of sovereign immunity in civil actions is conditioned upon the imposition of a six-year statute of limitations [in 28 U.S.C. § 2401(a),] . . . [u]nlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition and as such must be strictly construed." *Rhoades v. Col. Patrick Kinsman, USACE*, No. 3:18-CV-558-HEH, 2018 WL 6681207, at *3 (E.D. Va. Dec. 19, 2018) (internal quotation marks, citations, and alterations omitted).

[5] Plaintiff alleges in subsequent filings that he "was notified about [the] clearance issue in February of 2002," and he "gathered information for rebuttal in March and April of 2002."  Pl.'s Resp. Opp'n Mot. Dismiss, Ex. 1, ECF No. 12-1.  He appeared for a discharge hearing in 2003, and "was notified in Oct 2005 [sic] of the final decision for discharge."  *Id*.  Putting aside the fact that a plaintiff cannot amend his complaint through briefing, *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017), the Court pauses to note that, even were these facts properly

limitations by seeking proper agency review/reconsideration within the allowable timeframe, there is nothing in the Complaint to suggest that such review remained pending for the last twenty years.

Because the facts alleged provide no basis for the Court to find that tolling is appropriate, the Court must conclude that the statute of limitations has run on Plaintiff's § 1552 claim. As a result, the claim must be dismissed.

## V. CONCLUSION

For the reasons set forth above, the Court finds that it lacks jurisdiction over Plaintiff's claims. As a result, the Motion to Dismiss (ECF No. 9) will be granted, and the Complaint will be dismissed in its entirety.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 6, 2024
Richmond, Virginia

---

before the Court, they still do not give rise to a plausible inference that Plaintiff's records-adjustment-request has remained pending agency review since that time, such that a "final agency decision" only manifested within the last six years.